**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Criminal Action No. 3:26-cr-00282-E** |
| | § | |
| **CATHERINE NKEIRU MADUKA,** | § | |
| | § | |
| **Defendant.** | § | |

**OPINION AND ORDER**

Before the Court are Defendant's Motion to Dismiss (ECF No. 27), Brief in Support (ECF No. 28), Plaintiff's Response (ECF No. 32), and Defendant's Reply (ECF No. 33). Having reviewed the briefing and the law the Court **DENIES** Defendant's Motion:

Defendant argues Plaintiff failed to provide an indictment containing a "a plain, concise, and definite written statement of the essential facts constituting the offense charges" as required by the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 7 (c)(1). Courts look to see if the indictment satisfies minimum constitutional requirements. *United States v. Cabello*, 33 F.4th 281, 286 (5th Cir. 2022). Specifically, Defendant argues Count I fails to allege Defendant knowingly agreed to commit healthcare fraud.[1] Defendant claims the indictment failed to provide facts demonstrating an "agreement" between Defendant and another party.[2] For Counts II–VII Defendant claims the indictment does not sufficiently identify Defendant's knowing and willful execution of healthcare fraud.[3] Defendant argues the indictment cannot plead several material different standards of fraud without pairing a specific theory of fraud with a specific count.[4]

[1] Def.'s Br. Supp. Mot. Dismiss 7, ECF No. 28.
[2] *Id.*
[3] *Id.*
[4] *Id.*

The Court finds the indictment sufficient as to Count I. It alleges 13 fact specific manners-and-means paragraphs which include factual allegations that Defendant "and her conspirators paid cash bribes, enrolled ineligible patients, falsified records, and refused to allow patients to transfer to different hospice agencies."[5] A conspiratorial "agreement may be inferred from concert of action, voluntary participation may be inferred from a collection of circumstances, and knowledge may be inferred from surrounding circumstances." *United States v. Stephens*, 571 F.3d 401, 403 (5th Cir. 2009).

The Court finds the indictment sufficient as to Counts II–VII. The indictment may allege that the manner and means of each count are unknown. Fed. R. Crim. P. 7 (c)(1); *United States v. Johnson*, No. 6:20-CR-0077-JCB-KNM, 2025 WL 467455 at *3 (E.D. Tex. Jan. 21, 2025*), report and recommendation adopted*, No. 6:20-CR-00077-1, 2025 WL 462500 (E.D. Tex. Feb. 11, 2025) (finding the government adequately pleaded conspiracy to commit sex trafficking even when alleging multiple means including force, threats of force, fraud, and coercion). Here, Defendant requests the Government specify the means for each count of fraud, a request the rules do support. Furthermore, the Government does not allege fraud through kickbacks, but through cash bribes and active falsification.[6] "[T]he two primary functions of an indictment are that it (1) provides notice of the crime for which the defendant has been charged, allowing him the opportunity to prepare a defense; and (2) interposes the public into the charging decision, such that a defendant is not subject to jeopardy for a crime alleged only by the prosecution." *United States v. Suarez*, 966 F.3d 376, 384 (5th Cir. 2020). Both primary functions of the indictment were satisfied. Therefore, the Court **DENIES** Defendant's Motion to Dismiss.

**SO ORDERED** on this **15th day** of **September, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[5] Pl.'s Opp. 5, ECF No. 32.
[6] Def.'s Br. Supp. Mot. Dismiss 6, ECF No. 28.